# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **RYAN O'NEAL CAUDLE-BEY,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No.: 5:16-CV-329-VEH |
| **MORGAN COUNTY JAIL; ET AL.,** | ) |
| **Defendants.** | ) |

## MEMORANDUM OF OPINION

Plaintiff, who is a prisoner detained at the Morgan County Jail, which is within this district, filed this lawsuit pro se on February 26, 2016. (Doc. 1). After the magistrate judge to whom this case was randomly assigned[1] ordered Plaintiff to amend his deficient complaint (Order, doc. 8), Plaintiff filed an amended complaint pursuant to 42 U.S.C. § 1983, alleging violations of his rights under the Constitution or laws of the United States. (Doc. 10).

---

[1] In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the complaint was referred to a randomly-selected magistrate judge for a
preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

Plaintiff names the following defendants in the amended complaint: Morgan County Jail, Sheriff Ana Franklin, Captain Larry Berzette, former SRT Team Corporal Christopher Collier, SRT Team Sergeant Arron Dawson, SRT Team Lead Officer Stephen Namie, SRT Team Officer Andrea Whisenant-Rutherford, and John Doe Officers. (*Id*. at 3). The plaintiff seeks monetary damages.

On July 21, 2016, in accordance with the screening process required by the Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, the magistrate judge entered a Report and Recommendation ("R&R"; doc. 12) recommending that this action be dismissed without prejudice because Plaintiff admitted there is an administrative grievance procedure at the Morgan County Jail and that Plaintiff did not exhaust it as required by 42 U.S.C. § 1997e(a). (*Id*. at 4-6).

Plaintiff has objected to the R&R. (Objections, doc. 13). Plaintiff's objections are that he did not use the grievance system because a grievance "would only go to the Shift Supervisor and they were the ones who assaulted me so it would not help me at all in my cause.... I have to write ... a grievance on them and then appeal the grievance to the Warden." (Doc. 13 at 1). Liberally construed (*see Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006)), Plaintiff is arguing that administrative exhaustion was not required because some of the people he was complaining about would be in the chain of people through whom the grievance would proceed.

2

However, this objection is foreclosed by binding Supreme Court authority.

As recently reiterated by the Supreme Court,

> Section 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." As we have often observed, that language is "mandatory": An inmate "shall" bring "no action" (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 85, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006); *accord, Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) ("There is no question that exhaustion is mandatory under the PLRA").

*Ross v. Blake*, 136 S. Ct. 1850, 1856, 195 L. Ed. 2d 117 (2016)

Although the Court, in *Ross*, expressly recognized " one significant qualifier: the remedies must indeed be "available" to the prisoner", the Court stated that "aside from that exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust—irrespective of any 'special circumstances.'" (*Id*.).

The Supreme Court then listed

> "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief. First, an administrative procedure is unavailable when it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. Next, an administrative scheme might be so opaque that it becomes, practically *1854 speaking, incapable of use—i.e., some mechanism exists to provide relief, but no ordinary prisoner can navigate it. And finally, a grievance process is rendered unavailable when prison administrators thwart inmates from

3

taking advantage of it through machination, misrepresentation, or intimidation.

*Id*. at 1853–54.

Plaintiff's allegations do not meet any of these circumstances. Accordingly, his objections are due to be, and hereby are, **OVERRULED**.

Moreover, having carefully reviewed and considered all the materials in the court file, including the amended complaint, the report and recommendation and the Plaintiff's objections, the Court is of the opinion that the magistrate judge's factual findings are due to be and are hereby **ADOPTED** and his recommendation is **ACCEPTED**.

Accordingly for all the foregoing reasons, this action is due to be **DISMISSED WITHOUT PREJUDICE**.  A Final Judgment Order will be entered.

**DONE** and **ORDERED** this the 24th day of August, 2016.

**VIRGINIA EMERSON HOPKINS**
United States District Judge